No. 20-60281

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

SHRIMPERS AND FISHERMEN OF THE RGV;
SIERRA CLUB; SAVE RGV FROM LNG,
*Petitioners*,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,
*Respondent*.

---

On Petition for Review of an Order
of the U.S. Army Corps of Engineers

---

**RESPONDENT'S MOTION FOR AN ABEYANCE PENDING AGENCY RECONSIDERATION**

***Expedited Ruling Requested by August 10, 2020***

---

ERIC GRANT
*Deputy Assistant Attorney General*
JUSTIN HEMINGER
DANIEL HALAINEN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-5442
justin.heminger@usdoj.gov

Of Counsel:

JAMES DEBERGH
MARK LUMEN
*Attorneys*
U.S. Army Corps of Engineers

**CERTIFICATE OF INTERESTED PERSONS**

Case No. 20-60281

SHRIMPERS AND FISHERMEN OF THE RGV;
SIERRA CLUB; SAVE RGV FROM LNG,
*Petitioners*,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,
*Respondent*.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Petitioners
   a. Shrimpers and Fishermen of the RGV
   b. Sierra Club
   c. Save RGV from LNG
2. Declarants on Petitioners' Behalf
   a. Amber Thomas
   b. Mary Angela Branch
   c. Rebekah Lynn Hinojosa
   d. Madeleine T. Sandefur

3. Counsel for Petitioners
    a. Nathan Mathews, Sierra Club
    b. Erin Gaines, Texas RioGrande Legal Aid
    c. Thomas Gosselin, Texas RioGrande Legal Aid
4. Intervenors
    a. Rio Grande LNG, LLC, owned by NextDecade
    b. Rio Bravo Pipeline Company, LLC, owned by Enbridge
5. Counsel for Intervenors
    a. Michael B. Wigmore, Vinson & Elkins
    b. Jeremy C. Marwell, Vinson & Elkins
    c. Beth Petronio, K&L Gates LLP
6. Respondent
    a. United States Army Corps of Engineers
7. Counsel for Respondent
    a. Jeffrey Bossert Clark, U.S. Department of Justice
    b. Eric Grant, U.S. Department of Justice
    c. Jennifer Neumann, U.S. Department of Justice
    d. Justin Heminger, U.S. Department of Justice
    e. David Gunter, U.S. Department of Justice
    f. Daniel Halainen, U.S. Department of Justice

g. Rebecca Jaffe, U.S. Department of Justice

h. Milton Boyd, U.S. Army Corps of Engineers

i. James DeBergh, U.S. Army Corps of Engineers

j. Mark Lumen, U.S. Army Corps of Engineers

s/ *Justin Heminger*
Justin Heminger

Counsel for Respondent

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ v

INTRODUCTION ........ 1

BACKGROUND ........ 2

A. The Clean Water Act ........ 2

B. The LNG Project and the Permit ........ 3

C. Recent developments before FERC and the Corps ........ 4

ARGUMENT ........ 5

CONCLUSION ........ 8

CERTIFICATE OF COMPLIANCE ........ 9

# TABLE OF AUTHORITIES

## Cases

*Anchor Line Ltd. v. Federal Maritime Commission*,
299 F.2d 124 (D.C. Cir. 1962) .......... 5

*Clinton v. Jones*,
520 U.S. 681 (1997) .......... 5

*ConocoPhillips Co. v. U.S. EPA*,
612 F.3d 822 (5th Cir. 2010) .......... 6

*Landis v. North American Co.*,
299 U.S. 248 (1936) .......... 5

*Southwestern Electric Power Co. v. U.S. EPA*,
920 F.3d 999 (5th Cir. 2019) .......... 5

*Woodson v. Surgitek, Inc.*,
57 F.3d 1406 (5th Cir. 1995) .......... 5

## Statutes and Court Rules

15 U.S.C. § 717f(c)(1)(A) .......... 3

15 U.S.C. § 717r(d)(3) .......... 6

Clean Water Act
33 U.S.C. § 1311(a) .......... 2

33 U.S.C. § 1344(a) .......... 2

33 U.S.C. § 1344(b)(1) .......... 2

33 U.S.C. § 1362(6) .......... 2

33 U.S.C. § 1362(7) .......... 2

33 U.S.C. § 1362(12) .......... 2

## Regulations


33 C.F.R. Parts 320-332 .......... 2

33 C.F.R. § 325.7 .......... 2

33 C.F.R. § 325.7(c) .......... 1, 3, 6

40 C.F.R. Part 230 .......... 2

40 C.F.R. § 230.3(m) .......... 2

40 C.F.R. § 230.41 .......... 2

40 C.F.R. § 230.42 .......... 2


## Other Authorities


*Notice of Intent to Prepare an Environmental Assessment for the Proposed Rio Bravo Pipeline Project Amendment* at 1, FERC Docket No. CP20-481 (July 28, 2020) .......... 4

*Rio Bravo Pipeline Company, LLC, Amendment Application,* Cover Letter at 1, FERC Docket No. CP20-481 (June 15, 2020) .......... 4

*Rio Grande LNG, LLC, Response to July 10, 2020, Request for Supplemental Public Information* at 2-1, FERC Docket CP16-454 (July 14, 2020) .......... 4, 5

## INTRODUCTION

Respondent U.S. Army Corps of Engineers issued a permit under the Clean Water Act and the Rivers and Harbors Act (the Permit) authorizing two energy companies (Rio Grande and Rio Bravo, or collectively, the Energy Companies) to discharge fill material into waters of the United States and to perform work in navigable waters of the United States to construct a natural gas pipeline system and liquefied natural gas (LNG) terminal in southern Texas. Petitioners (collectively, the Shrimpers) challenged the Permit in this Court, and the Court ordered expedited briefing under the Natural Gas Act's judicial review provision. But on August 5, 2020, the Energy Companies requested that the Corps suspend the Permit while it evaluates their request to modify the Permit to reflect changes in the project design. *See* Corps Exhibit 1 (attached hereto). Consistent with its established process, 33 C.F.R. § 325.7(c), the Corps then suspended the Permit on August 6, 2020. *See* Corps Exhibit 2 (attached hereto).

Given these developments, the Court should place this petition for review in abeyance until the Corps concludes its administrative proceedings. The Energy Companies consent to an abeyance, while the Shrimpers oppose an abeyance and intend to file an opposition.

Because the Corps' brief as respondent defending the Permit is due next week, on August 13, the Corps requests that the Court expedite its ruling on this

motion by August 10. This Court ordered that no extensions of the August 13 briefing deadline will be permitted. Order (July 20, 2020). Therefore, absent an abeyance, the Corps will be compelled to file a brief despite its reconsideration of the Permit.

## BACKGROUND

### A. The Clean Water Act

The Clean Water Act prohibits "the discharge of any pollutant," including spoil, dirt, and rock, without a permit into "navigable waters," defined as "the waters of the United States." 33 U.S.C. §§ 1311(a), 1362(6), 1362(7), 1362(12). Waters of the United States include special aquatic sites, such as wetlands and mud flats. 40 C.F.R. §§ 230.3(m), 230.41, 230.42. Section 404 of the Clean Water Act authorizes the Corps to issue permits for discharges of "dredged or fill material" into waters of the United States. 33 U.S.C. § 1344(a). The Corps reviews permit applications to ensure compliance with statutorily mandated regulations known as the "Section 404(b)(1) Guidelines" codified at 40 C.F.R. Part 230, and its permit regulations at 33 C.F.R. Parts 320–332. *See* 33 U.S.C. § 1344(b)(1).

The Corps has express authority to modify or suspend its permits. 33 C.F.R. § 325.7. If the Corps suspends a permit, the permittee must cease all activities authorized by the permit. *Id*. § 325.7(c). Once it suspends a permit, the Corps then decides to reinstate, modify, or revoke the permit. *Id*.

### B. The LNG Project and the Permit

The challenged Permit concerns a LNG project in the stretch of southern Texas from Brownsville to Agua Dulce. The project requires approval by the Federal Energy Regulatory Commission (FERC). 15 U.S.C. § 717f(c)(1)(A). In November 2019, FERC issued an order authorizing Rio Grande LNG, LLC to construct an LNG export terminal on the bank of the ship channel running from Brownsville to the Gulf of Mexico. In the same order, FERC authorized Rio Bravo Pipeline Company, LLC to construct an approximately 138-mile pipeline to transport natural gas from Kleberg County to the terminal, where Rio Grande plans to liquefy and export the gas.

The Corps issued the Permit in February 2020. Under Section 404 of the Clean Water Act, the Corps authorized the Energy Companies to discharge dredged or fill special aquatic areas. The Permit requires the Energy Companies to comply with special conditions, such as using specific procedures to minimize damage to aquatic resources and restoring temporary impacts from pipeline construction within 30 days of completing work. The Permit further requires extensive mitigation—more than 3,000 acres in total—to account for unavoidable wetlands impacts. Based on a thorough analysis, the Corps concluded that the Energy Companies had fully addressed the detrimental impacts to wetlands. To date, however, no construction authorized by the Permit has occurred.

### C. Recent developments before FERC and the Corps

After the Corps issued the Permit, the Permittees modified the project plans. In June 2020, Rio Bravo requested FERC's authorization to modify its plans for the pipeline, proposing to eliminate two gas compressor stations and to increase the size of the first of two parallel pipelines from 42 inches to 48 inches. *Rio Bravo Pipeline Company, LLC, Amendment Application*, Cover Letter at 1, FERC Docket No. CP20-481 (June 15, 2020). These changes would not alter the pipeline's overall capacity of 4.5 billion cubic feet of gas per day, but they would reduce the pipeline's footprint and accordingly would likely reduce impacts on wetlands. *Id*. Rio Bravo asked FERC to approve its amended plans by December 17, 2020, and noted that if FERC did not approve the updated design, Rio Bravo would construct the already-certified project. *Id.*, Abbreviated Application at 3, 6. Just last week, FERC announced that it would prepare an environmental assessment on Rio Bravo's amended plans. *Notice of Intent to Prepare an Environmental Assessment for the Proposed Rio Bravo Pipeline Project Amendment* at 1, FERC Docket No. CP20-481 (July 28, 2020).

Likewise, in July 2020, Rio Grande informed FERC that it planned to construct five liquefaction trains (facilities) instead of six. *Rio Grande LNG, LLC, Response to July 10, 2020, Request for Supplemental Public Information* at 2-1,

FERC Docket CP16-454 (July 14, 2020). FERC has not yet responded to Rio Grande's modified proposal.

Most recently, on August 5, 2020, the Energy Companies requested that the Corps suspend the Permit. Corps Exhibit 1. The Energy Companies plan to ask the Corps to modify the Permit to reflect changes in the project design. *Id*. On August 6, 2020, the Corps suspended the Permit pending its decision on the Energy Companies' request to modify the Permit. Corps Exhibit 2.

**ARGUMENT**

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). This authority is "incidental to the power inherent in every court to control" its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court may grant a stay (or here, an abeyance) when it would serve "economy of time and effort for itself, for counsel, and for litigants." *Id*. When "an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency." *Anchor Line Ltd. v. Federal Maritime Commission*, 299 F.2d 124, 125 (D.C. Cir. 1962); *see also Southwestern Electric Power Co. v. U.S. EPA*, 920 F.3d 999, 1013 (5th Cir. 2019) (observing that the court "granted EPA's motion to sever and hold in abeyance" petitions for review and that EPA had "announced that it would reconsider" its regulations).

An abeyance is warranted here. The Corps will be evaluating the Energy Companies' request to modify the Permit. Corps Exhibit 2. The Companies recently proposed changes to the project design that postdate the Corps' issuance of the Permit in February 2020. Corps Exhibit 2. The Corps will assess these proposed changes to decide whether to reinstate, modify, or revoke the Permit. *See* 33 C.F.R. § 325.7(c) (authorizing the Corps to suspend a permit and then to reinstate, modify, or revoke the permit). This Court should allow the Corps to conduct this reconsideration process before reviewing the Corps' action. *Cf. ConocoPhillips Co. v. U.S. EPA*, 612 F.3d 822, 832 (5th Cir. 2010) (recognizing an agency's "inherent authority to reconsider its decisions" and granting a remand to allow reconsideration).

An abeyance conserves judicial resources as well as party resources. The Corps' proceedings might lead to a modified Permit that either obviates the need for this Court to review some or all of the issues raised by the Shrimpers or that moots the current petition for review. To be sure, the applicable judicial review provision in the Natural Gas Act directs the Court to set any action for "expedited consideration." 15 U.S.C. § 717r(d)(5). And under the Court's expedited briefing schedule, the Shrimpers filed its initial brief on July 23, 2020, and the Corps' responsive brief is due on August 13, 2020. Nonetheless, it makes little sense for the parties and the Court to proceed—in an expedited fashion or otherwise—with a

challenge to a Permit that might be materially modified at the conclusion of the Corps' administrative proceedings. Nothing in the Natural Gas Act precludes the Court from exercising its inherent authority to manage its proceedings in an efficient and logical manner.

Here, efficiency and common sense call for an abeyance. Indeed, the Energy Companies have proposed design changes that directly relate to core issues that the Shrimpers address in their opening brief—for example, reducing the project from six trains to five and eliminating a compressor station with anticipated wetlands impacts. *Compare* Corps Exhibit 1 (requesting permit modifications to address project design changes) *with* Shrimpers Initial Brief at 7-11 (July 23, 2020) (challenging the Corps' decision to approve a pipeline compressor station in wetlands and construction of six trains instead of five). The Corps should consider how these proposed changes may affect the Permit *before* this Court undertakes review of the Permit.

Finally, an abeyance will not prejudice the Shrimpers. No construction has occurred under the Permit, and the Corps has now *suspended* the Permit during its administrative proceedings and has notified the Energy Companies that they may not take actions authorized under the Permit. Corps Exhibit 2. In other words, no wetlands have been impacted already, and no wetlands will be impacted while the Permit is suspended and the Corps is evaluating modifications to the

Permit. The requested abeyance also preserves the Shrimpers' challenge in this Court, pending the outcome of the Corps' proceedings.

**CONCLUSION**

For all these reasons, the Court should hold this petition for review in abeyance until the Corps has concluded its proceedings. Because the Corps' merits brief is due on August 13, the Corps respectfully requests an expedited ruling on this Motion by August 10.

Respectfully submitted,

/s/ *Justin Heminger*
ERIC GRANT
*Deputy Assistant Attorney General*
JUSTIN HEMINGER
DANIEL HALAINEN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

Of Counsel:

JAMES DEBERGH
MARK LUMEN
*Attorneys*
U.S. Army Corps of Engineers

August 6, 2020
90-13-9-16015

**CERTIFICATE OF COMPLIANCE**

I hereby certify:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Rule 32(f), this document contains 1,684 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a0(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Justin Heminger*
JUSTIN HEMINGER

Counsel for Respondent

No. 20-60281

---

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

SHRIMPERS AND FISHERMEN OF THE RGV;
SIERRA CLUB; SAVE RGV FROM LNG,
*Petitioners,*

v.

UNITED STATES ARMY CORPS OF ENGINEERS,
*Respondent.*

---

On Petition for Review of an Order
of the U.S. Army Corps of Engineers

---

**EXHIBITS TO**
**RESPONDENT'S MOTION FOR AN ABEYANCE**
**PENDING AGENCY RECONSIDERATION**

---

ERIC GRANT
*Deputy Assistant Attorney General*
JUSTIN HEMINGER
DANIEL HALAINEN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-5442
justin.heminger@usdoj.gov

Of Counsel:

JAMES DEBERGH
MARK LUMEN
*Attorneys*
U.S. Army Corps of Engineers

# CORPS EXHIBIT 1

Energy Companies’ August 5, 2020 Letter

August 5, 2020

Col. Timothy R. Vail, District Engineer
U.S. Army Corps of Engineers, Galveston District
2000 Fort Point Road
Galveston, TX 77550

Re: Applicant-Requested Temporary Suspension of Permit No. SWG-2015-00114 Pending Modification by Rio Grande Liquefied Natural Gas, LLC and Rio Bravo Pipeline Company, LLC

Dear Col. Vail:

On February 21, 2020, the Galveston District of the U.S. Army Corps of Engineers (Corps) issued Permit No. SWG-2015-00114 to Rio Grande Liquefied Natural Gas, LLC and Rio Bravo Pipeline Company, LLC (the Applicants) pursuant to Section 10 of the Rivers and Harbors Act of 1899 to construct structures and conduct work in or affecting navigable waters of the United States and pursuant to Section 404 of the Clean Water Act to discharge dredged or fill material into waters of the United States for the construction, installation, operation, and maintenance of a natural gas pipeline system and a liquified natural gas (LNG) terminal facility in Kleberg, Kenedy, Willacy, and Cameron Counties, Texas.

Pursuant to 33 C.F.R. § 325.7(a) and (c), the Applicants jointly request the district engineer exercise his discretion to temporarily suspend Permit No. SWG-2015-00114 pending the district engineer's decision whether to modify the permit as requested by the Applicants to incorporate certain design changes and the associated positive impacts. Since the permit was issued, the Applicants have identified additional design enhancements along the proposed pipeline route and at the LNG terminal that would further reduce the overall impacts to jurisdictional waters and aquatic resources. These design enhancements have been filed publicly on Applicants' respective dockets at the Federal Energy Regulatory Commission and include the elimination of two of the compressor stations (specifically CS-2 and CS-3) and engineering and design optimizations and technology improvements at the LNG terminal that will allow it to operate at its certificated capacity using five LNG trains instead of six, which allows for elimination of the sixth train.

The Applicants request to meet with the district engineer within 10 days, as provided for in 33 C.F.R. § 325.7(b) and (c), to discuss these potential modifications. The proposed design changes warranting suspension and modification affect only a limited scope of the permitted activities. The vast majority of the permitted activities and impacts would remain as already analyzed and approved in the issued permit. Moreover, because the proposed modifications will result in a reduction of the overall impacts of the project on aquatic resources, there will be no increase in the scope of the permitted activity.

Please do not hesitate to contact us at your earliest convenience to arrange for a meeting to discuss the most efficient process forward to address the proposed permit modifications. We look forward to continuing to work with you and your staff on this project.

Sincerely,

Ivan Van Der Walt
SVP Engineering and Construction
for Rio Grande LNG

Kurt Knight-Turcan
VP, Business Development, South Texas
for Rio Bravo Pipeline

cc: Bod Heinly
Kristie Brink

# CORPS EXHIBIT 2

U.S. Army Corps of Engineers'
August 6, 2020 Suspension Decision

**DEPARTMENT OF THE ARMY**
**U.S. ARMY CORPS OF ENGINEERS, GALVESTON DISTRICT**
**P.O. BOX 1229**
**GALVESTON, TEXAS 77553-1229**

August 6, 2020

CESWG-RDP

SUBJECT: Notice of Suspension of Department of the Army Permit SWG-2015-00114

Rio Grande LNG, LLC and Rio Bravo Pipeline, LLC
ATTN: Mr. Ivan Van der Walt
1000 Louisiana Street, 39th Floor
Houston, Texas 77002-5005

Dear Mr. Van der Walt:

This notice is in reference to your Department of the Army (DA) Permit SWG-2015-00114 issued by the U.S. Army Corps of Engineers, Galveston District (Corps) on February 21, 2020 authorizing the placement of structures and conducting of work affecting navigable waters of the United States (U.S.) and the discharge of dredged and fill material into waters of the U.S. for the construction, installation, operation, and maintenance of a natural gas pipeline system (Rio Bravo Pipeline) and a liquefied natural gas (LNG) terminal facility (Rio Grande LNG Terminal), pursuant to Section 10 of the Rivers and Harbors Act and Section 404 of the Clean Water Act. The Rio Bravo Pipeline will originate in Jim Wells County and transit through Kleberg, Kenedy, Willacy, and Cameron Counties before terminating at the terminal. The Rio Grande LNG Terminal site is located on approximately 750.4 acres along the northern shore of the Brownsville Ship Channel in Cameron County, Texas, approximately 9.8 miles east of Brownsville and about 2.2 miles west of Port Isabel.

On July 28, 2020, the Federal Energy Regulatory Commission (FERC) issued a notice of intent (NOI) to prepare an Environmental Assessment (EA) for the proposed Rio Bravo Pipeline Project Amendment. On August 4, 2020, you notified the Corps of additional project design modifications proposed for the Rio Grande LNG Terminal. Lastly on August 5, 2020, you submitted a letter to the Corps requesting suspension of the permit until the Corps determines whether to modify the permit based on the proposed design changes.

The regulations on processing of DA permits at 33 CFR 325.7 allow for the District Engineer, in their discretion, to reevaluate the circumstances and conditions of any permit and initiate action to modify, suspend, or revoke a permit as may be made necessary by considerations of the public interest. Among the factors to be considered are: the extent of the permittee's compliance with the terms and conditions of the permit; whether or not circumstances relating to the authorized activity have changed since the permit was issued and the continuing adequacy of, or need for, the permit conditions;

any significant objections to the authorized activity which were not earlier considered; revisions to applicable statutory and/or regulatory authorities; and the extent to which modification, suspension, or other action would adversely affect plans, investments and actions the permittee has reasonably made or taken in reliance on the permit. The regulations also allow the District Engineer, in their discretion, to suspend a permit with a written determination and finding that immediate suspension would be in the public interest.

The Corps has received limited information regarding how these design changes would affect previously evaluated and authorized impacts to waters of the U.S., including wetlands. The FERC's NOI requests that any Federal agency which has jurisdiction by law act as a cooperating agency in the preparation of the EA. Pursuant to 40 CFR 1506.1, the USACE intends to accept our responsibilities as a cooperating agency; however, it is not yet clear whether the FERC will also develop a supplemental National Environmental Policy Act document for the changes proposed at the terminal site. Although activities authorized in the permit have not yet commenced, commencement of work prior to the Corps' evaluation of the proposed project changes may result in impacts to waters of the U.S. that might otherwise be avoided or minimized. Additionally, based on your suspension request letter, the Corps has determined that suspension would not adversely affects plans, investments or actions that you have reasonably made or taken in reliance on the permit.

Therefore, for the reasons stated above, I have determined that immediate suspension of DA Permit SWG-2015-00114 is in the public interest. DA Permit SWG-2015-00114 is suspended, and you are directed to stop all activities previously authorized by the suspended permit. Please be advised that following this suspension, the Corps will make a decision to either reinstate, modify, or revoke the permit.

Pursuant to 33 CFR 325.7(c), you are hereby advised that you may request a meeting with the District Engineer and/or a hearing to present information in this matter within 10 days of receipt of this notice of suspension. If a hearing is requested, the procedures prescribed in 33 CFR 327 will be followed. We acknowledge that your August 5, 2020 letter requested this meeting with the District Engineer, and the Corps will contact you to schedule the meeting.

If you have any questions, please contact Ms. Kristie Brink, Regulatory Division Project Manager, by phone at 361-814-5847 x. 1005 or by email at Kristie.A.Brink@usace.army.mil.

Sincerely,

Timothy R. Vail
Colonel, U.S. Army
Commanding

cc:

Mr. Kurt Knight-Turcan, Rio Bravo Pipeline