No. 20-60281

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

SHRIMPERS AND FISHERMEN OF THE RGV; SIERRA CLUB; SAVE RGV; FROM LNG,

*Petitioners*,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,

*Respondent*.

# PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION FOR AN ABEYANCE PENDING AGENCY RECONSIDERATION


Erin Gaines
Tom Gosselin
Texas RioGrande Legal Aid, Inc.
4920 N. I-35
Austin, TX 78751
(512) 374-2739
egaines@trla.org
*Attorney for Petitioner Shrimpers and Fishermen of the RGV*

Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org
*Attorney for Petitioners Sierra Club and Save RGV from LNG*

Petitioners Shrimpers and Fishermen of the RGV, Sierra Club, and Save RGV from LNG respectfully oppose Respondents' Motion for an Abeyance Pending Agency Reconsideration. Petitioners ask that this Court deny the motion outright; or in the alternative, that the Court sever Petitioners' claim regarding Compressor Station 3 and hold only that claim in abeyance.

An abeyance is likely to prejudice Petitioners. Petitioners' primary concern is ensuring that this case is resolved before project construction begins. Suspension under 33 C.F.R. § 325.7(c) presents a significant possibility that the permit will be reinstated with little or no modification after several months. Holding the case in abeyance for that time would make it unlikely that this case would be decided before construction begins, currently anticipated to be May 2021. *See* Corps' Motion to Extend Briefing Deadline, Doc. 515494880 at 4. Thus, there is a real danger that an abeyance will prejudice Petitioners. Petitioners would not oppose an abeyance coupled with a stay of the underlying permit that persisted until resolution of this case (as opposed to the Corps' suspension, which only prohibits construction until the permit is unilaterally reinstated by the Corps), but the Corps' counsel stated that the Corps would not agree to such a stay.[1] Petitioners

[1] Although Petitioners are unable to fully address the issue prior to the Corps' requested resolution of the instant motion, Petitioners may need to move for a stay if the Court grants the Corps' request, to ensure resolution prior to the beginning of construction.

alternatively suggested that the Corps revoke, rather than suspend, the permit, and begin anew, which would ensure that all issues are revisited in a process providing for public participation, whereas suspension may lead to reinstatement without public input or any change in the Corps' decision or reasoning. The Corps similarly rejected this proposal. Accordingly, Petitioners oppose this motion.

While an abeyance risks harm to Petitioners, it is unlikely to significantly conserve judicial resources. The Energy Companies' proposed project modifications only address one half of one of Petitioner's claims, concerning compressor station 3. *See Rio Bravo Pipeline Company, LLC, Amendment Application*, Cover Letter at 1, FERC Docket, No. CP20-481 (June 15, 2020).[2] Although the Energy Companies now state that they do not *initially* propose to *construct* all six liquefaction trains, nothing in the cited FERC documents nor in the Energy Companies' August 5, 2020 Letter indicates a proposal to change the six-train *site configuration*, and Rio Grande LNG's public statements confirm that Rio Grande LNG does not intend any such changes.[3] Absent a site configuration

---

[2] Available at https://elibrary.ferc.gov/IDMWS/common/OpenNat.asp?fileID=15583350.

[3] NextDecade, *NextDecade Reducing CO2e Emissions by Optimizing Rio Grande LNG Project* (July 14, 2020), https://investors.next-decade.com/node/8741/pdf, *see also* NextDecade, Corporate Presentation at slides 2, 4, 10 (July 14, 2020), (renderings showing a blank space for train six, rather than a changed layout), *id.* at slide 22 (forecasting future earnings from train 6), *available at*

change, the Energy Companies have not proposed any additional wetland avoidance, even while they have conceded that a smaller project would meet the overall project purpose. *See* Shrimpers Initial Brief at 50-52 (July 23, 2020). The Energy Companies also have not proposed any additional mitigation for pipeline construction impacts.

The Corps, for its part, has "suspended the Permit pending its decision *on the Energy Companies' request to modify the Permit*," and "will be evaluating *the Energy Companies' request to modify the Permit*," Corps' Motion at 5, 6 (emphases added); nothing in the Corps' motion indicates that the Corps plans to consider issues beyond the scope of this request. Because the only requested modification pertains to compressor station 3, the Corps offers no reason to believe that its reconsideration will extend to issues pertinent to Petitioners' claims about mitigating impacts caused by pipeline construction or about avoiding wetland impacts within the terminal footprint. *See* Shrimpers Initial Brief at 46-49, 54-62 (July 23, 2020). If the Corps is not going to reconsider these issues, holding this Court's review of them in abeyance does not save judicial or party resources because this Court would need to resolve these remaining issues regardless of the

---

https://investors.next-decade.com/static-files/5341eedf-522f-4e07-a86c-4918491b692b.

outcome of the Corps' review. It does, however, prejudice Petitioners by preventing them from receiving timely resolution of these claims.

At most, the Corps has presented an argument for severing Petitioners' claim regarding compressor station 3, Shrimpers Initial Brief at 41-46, and holding that claim in abeyance, while allowing the other claims to proceed. *See, e.g.*, *Sw. Elec. Power Co. v. U.S. Envtl. Prot. Agency*, 920 F.3d 999, 1013 (5th Cir. 2019). But even as to compressor station 3, the Corps solely contends that it "might" modify the Permit and thereby obviate the need for judicial review. Corps' Motion at 6, 7. The Corps has not committed to doing so, instead leaving open the possibility that the Corps might simply reinstate the permit (perhaps if, for example, FERC does not grant the Energy Companies' request to modify the corresponding FERC certificate by December 17, 2020, and if the Energy Companies then state a preference to proceed with the initial design at that point).[4] If this Court resumes consideration of this case at that time, however, it will be difficult to resolve the case prior to the expected start of construction.

The Corps cites *ConocoPhillips Co. v. U.S. E.P.A* for the proposition that an agency has "inherent authority to reconsider its decisions." 612 F.3d 822, 832 (5th

[4] The Corps could also, of course, conserve judicial resources by conceding the compressor station 3 issue in its forthcoming response brief, rather than using this issue to hold the entire case in abeyance; the Corps could then proceed to revisit the compressor station 3 issue, pursuant to the 33 C.F.R. § 325.7(c) process, concurrent with this Court's resolution of the other claims.

Cir. 2010) (cited by Corps' Motion at 6). Here, the Corps has not indicated that it actually intends to reconsider most of the decisions at issue in this case. Moreover, *ConocoPhillips* granted a remand where doing so would conserve resources *and* would "work no prejudice to any affected entity." *Id.* Here, if the case moves forward on the Congressionally-mandated expedited schedule, there is a strong chance that it will be resolved before construction begins. An abeyance makes that unlikely, if not impossible. The Corps cannot "stave off judicial review … simply by initiating" its own review of whether to amend the permit. *American Petroleum Institute v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012). Consistent with this Court's "virtually unflagging obligation" to hear and decide cases within its jurisdiction, the Court should deny the motion for an abeyance and allow this case to proceed on the present schedule. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014).

## CONCLUSION

For the reasons stated above, the Court should deny the Corps' motion to hold this petition for review in abeyance. In the alternative, this Court should sever Petitioners' claim regarding Compressor Station 3, Shrimpers Initial Brief at 41-46, and hold that claim in abeyance while allowing the remaining claims to proceed.

Respectfully submitted,

*s/ Erin Gaines*
Erin Gaines
Tom Gosselin
Texas RioGrande Legal Aid, Inc.
4920 N. I-35
Austin, TX 78751
(512) 374-2739
egaines@trla.org
*Attorney for Petitioner Shrimpers and Fishermen of the RGV*

*s/ Nathan Matthews*
Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org
*Attorney for Petitioners Sierra Club and Save RGV from LNG*

**Dated: August 7, 2020**

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,183 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Erin Gaines*
Erin Gaines
Tom Gosselin
Texas RioGrande Legal Aid, Inc.
4920 N. I-35
Austin, TX 78751
(512) 374-2739
egaines@trla.org
*Attorney for Petitioner Shrimpers and Fishermen of the RGV*

*s/ Nathan Matthews*
Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org
*Attorney for Petitioners Sierra Club and Save RGV from LNG*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2020, I electronically filed the foregoing Petitioners' Response with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*s/ Nathan Matthews*

Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org
*Attorney for Petitioners Sierra Club and Save RGV from LNG*