No. 20-60281

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

SHRIMPERS AND FISHERMEN OF THE RGV;
SIERRA CLUB; SAVE RGV FROM LNG,
*Petitioners*,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,
*Respondent*.

On Petition for Review of an Order
of the U.S. Army Corps of Engineers

# RESPONDENT'S REPLY IN SUPPORT OF ITS MOTION FOR AN ABEYANCE PENDING AGENCY RECONSIDERATION

***Expedited Ruling Requested by August 10, 2020***


ERIC GRANT
*Deputy Assistant Attorney General*
JUSTIN HEMINGER
DANIEL HALAINEN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-5442
justin.heminger@usdoj.gov

Of Counsel:

JAMES DEBERGH
MARK LUMEN
*Attorneys*
U.S. Army Corps of Engineers

**CERTIFICATE OF INTERESTED PERSONS**

Case No. 20-60281

SHRIMPERS AND FISHERMEN OF THE RGV;
SIERRA CLUB; SAVE RGV FROM LNG,
*Petitioners*,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,
*Respondent*.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Petitioners
    a. Shrimpers and Fishermen of the RGV
    b. Sierra Club
    c. Save RGV from LNG
2. Declarants on Petitioners' Behalf
    a. Amber Thomas
    b. Mary Angela Branch
    c. Rebekah Lynn Hinojosa
    d. Madeleine T. Sandefur

3. Counsel for Petitioners

    a. Nathan Mathews, Sierra Club

    b. Erin Gaines, Texas RioGrande Legal Aid

    c. Thomas Gosselin, Texas RioGrande Legal Aid

4. Intervenors

    a. Rio Grande LNG, LLC, owned by NextDecade

    b. Rio Bravo Pipeline Company, LLC, owned by Enbridge

5. Counsel for Intervenors

    a. Michael B. Wigmore, Vinson & Elkins

    b. Jeremy C. Marwell, Vinson & Elkins

    c. Beth Petronio, K&L Gates LLP

6. Respondent

    a. United States Army Corps of Engineers

7. Counsel for Respondent

    a. Jeffrey Bossert Clark, U.S. Department of Justice

    b. Eric Grant, U.S. Department of Justice

    c. Jennifer Neumann, U.S. Department of Justice

    d. Justin Heminger, U.S. Department of Justice

    e. David Gunter, U.S. Department of Justice

    f. Daniel Halainen, U.S. Department of Justice

g. Rebecca Jaffe, U.S. Department of Justice

h. Milton Boyd, U.S. Army Corps of Engineers

i. James DeBergh, U.S. Army Corps of Engineers

j. Mark Lumen, U.S. Army Corps of Engineers

s/ *Justin Heminger*
Justin Heminger

Counsel for Respondent

Petitioners (collectively, the Shrimpers) raise two principal arguments in opposition to Respondent U.S. Army Corps of Engineers' request for an abeyance. Neither is persuasive.

*First*, the Shrimpers fail to show they will be prejudiced during an abeyance. The Corps has *suspended* the Permit while it conducts the administrative proceedings, and so there will be no impacts to wetlands during that period. *See* Corps Motion for Abeyance, Exhibit 2 at 2 (suspending the Permit). Rather than focusing on the present, the Shrimpers speculate about an uncertain future in which the Corps reinstates the Permit rather than modifying or revoking it. Shrimpers Opposition at 2. The Shrimpers further speculate that if the Corps were to reinstate the Permit, then this Court would be unable to resolve this case before construction begins, which according to the Shrimpers, is "currently anticipated to be May 2021." *Id*.

The Shrimpers' concerns about what the Corps and this Court *might* or *might not* do in the future only underscore why the Court should temporarily pause this case. Until the Corps completes its administrative proceedings and reinstates, modifies, or revokes the Permit, the Court's review is premature. Only after the Corps acts will there be certainty; only then will judicial and party resources be spent efficiently. The Shrimpers note that they would agree to an abeyance if it were accompanied by a judicial stay pending resolution of the case. Shrimpers

Opposition at 2. Yet they make no attempt to show how they could meet their heavy burden to obtain preliminary injunctive relief, either at this juncture or after the Corps has completed its administrative proceedings.

*Second,* the Shrimpers' efficiency argument is equally speculative. They contend that an abeyance is "unlikely to significantly conserve judicial resources." Shrimpers Opposition at 3. But that is based on their guesswork about *what* the Corps may do during its administrative proceedings. The Shrimpers conjecture that *if* the Corps does not reconsider *all* of the issues that the Shrimpers' initial brief raises, then an abeyance will not conserve judicial and party resources. *Id.* at 4-5. But the Corps has suspended the *entire* Permit; it has discretion in its administrative proceedings to reconsider any issues under the Permit that it deems appropriate.

Indeed, the Shrimpers' alternative argument—that the Court should *sever* the issues to hear two now and hear a third later—is problematic for this very reason. As we noted in the Motion, the Corps might materially modify *the Permit*. Corps Motion at 6-7. That very well may include modifications that address the Shrimpers' arguments. In contrast to the piecemeal approach that the Shrimpers offer, an abeyance will ensure that the Court can efficiently review all issues at the same time.

For these reasons and the reasons expressed in the Corps' Motion, the Court should hold this petition for review in abeyance until the Corps has concluded its proceedings.

Respectfully submitted,

/s/ *Justin Heminger*
ERIC GRANT
*Deputy Assistant Attorney General*
JUSTIN HEMINGER
DANIEL HALAINEN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

Of Counsel:

JAMES DEBERGH
MARK LUMEN
*Attorneys*
U.S. Army Corps of Engineers

August 7, 2020
90-13-9-16015

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Rule 32(f), this document contains 476 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a0(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Justin Heminger*
JUSTIN HEMINGER

Counsel for Respondent